
# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GUENEVER PERRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-746-RWS |
| GEORGIA STATE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on Defendant's Motion to Dismiss [Doc. No. 5]. The Court notes that Plaintiff has failed to respond to the motion. Pursuant to Local Rule 7.1B, failure to file a response indicates that there is no opposition to a motion. However, in deference to Plaintiff's pro se status, the Court will briefly examine Defendant's arguments as to why dismissal is appropriate.

Defendant is a member institution of the University System of Georgia, created by the Board of Regents pursuant to O.C.G.A. § 20-3-31, and as such is not subject to suit on its own behalf. As such, the Board of Regents has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The Board of Regents argues that it has Eleventh

AO 72A
(Rev.8/82)

Amendment immunity from suit in federal court.

The Board of Regents is a constitutionally created agency of the state vested with the government, control, and management of the University System of Georgia. 1983 Ga. Const. Art. VIII, § IV, Para. I; Azizi v. Board of Regents, 208 S.E.2d 153, 156 (Ga. Ct. App. 1974). A state's immunity under the Eleventh Amendment extends to state agencies and to state officers acting on behalf of the state. Gamble v. Florida Dep't of Health and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986). Therefore, the Board of Regents is entitled to Eleventh Amendment immunity.

There are three ways in which the Court may still have jurisdiction over a suit against states despite the Eleventh Amendment bar: (1) the state has consented to be sued in federal court on the claim involved; (2) the state has waived immunity; or (3) immunity has been abrogated. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 253 (1985). None of these circumstances apply here. In this case, Plaintiff seeks damages for Defendant's alleged breach of a verbal contract. This claim is barred because the Georgia General Assembly has not waived the State of Georgia's Eleventh Amendment immunity for breach of verbal contract claims. Plaintiff's claim constitutes a state law cause of action for which

AO 72A
(Rev.8/82)

the State of Georgia has not consented to suit in federal court.

For the reasons stated above, the Complaint is barred by the Eleventh Amendment and sovereign immunity, and this Court lacks subject matter jurisdiction. Defendant's Motion to Dismiss [Doc. No. 5] is GRANTED. All other pending motions [Doc. Nos. 8, 11, 17, 23, 24, 25, and 27] are DENIED as moot. The clerk is DIRECTED to close this action.

**SO ORDERED**, this 3rd day of August, 2016.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A (Rev.8/82)