FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE *NORTHERN DISTRICT* OF **GEORGIA**
**ATLANTA** DIVISION

AUG 0 5 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Honorable Judge **Richard W. Story**

| | |
|---|---|
| Guenevere Perry *(Plaintiff)* -against- Georgia State University *(GSU)* *(Defendant)* | **Complaint for a Civil Case Alleging Breach of Contract** (28 U.S.C. § 1332; Diversity of Citizenship) Case No. **1:16-CV-0746RWS** |

## MOTION TO RECONSIDER FINAL JUDGMENT ORDER

TO THE HONORABLE JUDGE OF SAID COURT: Pursuant to rule Fed. **Rule 60(b)(3)** and **Rule 60(a),** the plaintiff request the court reconsider the final judgment and ruling. The final judgment was based on a court clerical mistake and misinterpretation of said error. Upon the reopening of this case, the plaintiff moves the court consider the Plaintiff's Uncontested Motion to Waive State Sovereign Immunity Based on Due Process Clause of 14th Amendment [Doc. No. 25], pursuant Local Rule 7.1B, as failure file a response indicates that there is no opposition to the motion.

**Rule 60(b)(1) and Rule 60(a): (a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
(b) **GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, **inadvertence**, surprise, or excusable neglect;

## CLERICAL ERROR & MISINTERPREATION OF DOCUMENT

The court final ruling states the plaintiff failed to contest the Defendant's Motion to Dismiss [Doc No. **5**]. The uncontested motion resulted in a judgment in favor of the defendant.

### I.    Motion Contested in Summary of Judgment

The plaintiff responded to the defendant's pleading of a lack of subject matter jurisdiction within the Plaintiff's Summary of Judgment [Doc. No. **8**, pg. 4]. Quote (Summary Judgment, pg.4)

> The defendant Georgia State University (GSU) is a public university of the state of Georgia. The state of Georgia has requested the dismal based on the O.C.G.A §50-21-26(a)(1), under the arm of the State Sovereignty clause[1]. The plaintiff respectfully request the court deny the states motion for dismal under violation of Federal Law 42 USC §1983.

### II.   Incorrect Motion Cited A Response to Defendant's Motion5

The court clerk mistakably assumed the Plaintiff's Motion15, was a rebuttal to the defendant's Motion5. The clerk wrote, "Construed by Clerk as, A Response and Motion…". The motion was a response to a document submitted to the judge on April 19, 2016 and ONLY discussed dismissing a document the plaintiff's believed to be sealed. The plaintiff was unaware at the time this document was not a submission by the opposing counsel, but a document transferred to the judge for review. The document did not have a number beside it as all previous submission; therefore the plaintiff included title of the document in the request to unseal.

Opposing counsel contacted the plaintiff by phone and notified the plaintiff of the incorrect filing. The plaintiff immediately withdrew the motion as stated in the Plaintiff's Motion to Withdraw Plaintiff's Motion 15 to Unseal and/or Dismiss Defendant's Sealed Motion to Dismiss Under Rule 12(b)(1).

Therefore, the withdrawal of the motion did not remove the plaintiff's original contest of the defendant's plea of lack of subject matter jurisdiction, as the motion was not submitted as a response to the defendant's Motion5.

### III. Summary of Judgment Can Act As Response to A Plea

The defendant filed a plea of lack of subject matter jurisdiction, a plea that can result in judgment of the case, pursuant Fed Rule 12(c). To address the state's claim for sovereignty and disprove the defendant plea the plaintiff was required to submit an argument and factual evidence to disprove such a claim, as required in Fed Rule 56(c) and O.C.G.A. § 9-11-56(a).

The plaintiff's summary of judgment included claims of the violation of the plaintiff's constitutional rights and denial of due process. The motion included cases that verdict's upheld the 14th Amendment Clause relating to state sovereignty and supported the plaintiff's request the court waive the defendant's immunity and dismal of the plea for lack of subject matter jurisdiction. The plaintiff expounded on the violations and 14th Amendment Clause, in the Plaintiff's Uncontested Motion25.

## IN CONCLUSION

The final judgment of this case was hinged on the premise the plaintiff failed to respond to the defendant's plea. Therefore, the seemingly unopposed motion to dismiss the case for lack of jurisdiction was a credible decision of the court.

Unfortunately for the plaintiff the assertion was incorrect, and based on a clerical mistake made on behalf of the court. This judgment can be amended to reflect the correct entries placed in the court docket pursuant Fed. Rule 52(b), 59, and/or Fed Rule 60(b).

This motion has been submitted to the court within the required 10 day period and meets the stated requirements for such a filing. The request for the review and judgment on the uncontested motion25 also falls within the requirements outline in the local rule 7.1.b.

Dated: **August 5, 2016**               Respectfully Submitted,

                                                      Guenevere Perry
                                                      P.O. Box 23245
                                                  Jacksonville, FL. 32241
                                                   Cell: (404)-360-0858
                                                  gperry1908@gmail.com
                                                      **Pro Se Litigate**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I certify that this Motion complies with the font and point selections set forth in Local Rule 5.1B. This Motion has been prepared using Times New Roman font (14 point).

Dated: **August 5, 2016**                    Respectfully Submitted,

                                                                                    Guenevere Perry
                                                                                    P.O. Box 23245
                                                                                Jacksonville, FL. 32241
                                                                                  Cell: (404)-360-0858
                                                                                gperry1908@gmail.com
                                                                                  **Pro Se Litigate**