**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GUENEVERE PERRY,                   :
                                   :
    Plaintiffs,                    :
                                   :
    v.                             :    CIVIL ACTION NO.
                                   :    1:16-CV-746-RWS
GEORGIA STATE                      :
UNIVERSITY,                        :
                                   :
    Defendant.                     :

## ORDER

This case is before the Court on Plaintiff's Motion for Reconsideration [Doc. No. 30].

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D. Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court

will change its mind." <u>Id.</u> at 1259 (quoting <u>Brogdon ex rel. Cline v. Nat'l Healthcare Corp.</u>, 103 F. Supp. 2d 1322, 1338 (N.D.Ga. 2000)).  Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." <u>Adler v. Wallace Computer Servs., Inc.</u>, 202 F.R.D. 666, 675 (N.D. Ga. 2001).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." <u>Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs</u>, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), <u>aff'd</u>, 87 F.3d 1242 (11th Cir. 1996).

Plaintiff has not stated a basis for the relief she seeks.  As stated in the August 3 order [Doc. No. 28], the Court does not have jurisdiction over this dispute.  Plaintiff has failed to demonstrate that reconsideration is appropriate, and her motion [Doc. No. 30] is DENIED.

**SO ORDERED**, this _31st_ day of August, 2016.

_____

**RICHARD W. STORY**
UNITED STATES DISTRICT JUDGE

2