**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

GUENEVERE PERRY,                    §
     Plaintiff,                          §
                                         §
v.                                  §
                                         §
GEORGIA STATE UNIVERSITY,           §    Case No. l:16-CV-0746
     Defendant.                          §
                                         §

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN CASE

COMES NOW, the BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA ("Board"), for and on behalf of GEORGIA STATE UNIVERSITY,[1] by and through counsel, Christopher M. Carr, Attorney General of the State of Georgia, and files its Brief in Opposition to Plaintiff's Motion to Reopen Case. Plaintiff's motion should be denied because her new claim of fraud is barred by the Board's Eleventh Amendment immunity.

## I. PROCEDURAL BACKGROUND

Plaintiff graduated from Georgia State University (GSU) in December of 2011 with a doctorate in Biological Science. Dkt. 1, p. 3. On March 8, 2016, Plaintiff filed a Complaint alleging that she had entered into a "verbal

---

[1] GSU is a member institution of the University System of Georgia, created by the Board of Regents pursuant to O.C.G.A. § 20-3-31, as such GSU is not subject to suit on its own behalf.

promise/contract" with GSU in December of 2011 that required her to submit two patentable concepts from her dissertation research for intellectual property protection by GSU and, in exchange, GSU agreed to "embargo" or hide Plaintiff's dissertation from public view for a period not to exceed three years, after which time GSU would publish her dissertation.  Id.  Plaintiff contended that GSU breached this verbal agreement.  Id., p. 4.

The Board filed its Pre-Answer Motion To Dismiss Under Rule 12(b)(1) and a Motion To Stay Discovery on March 31, 2016.  Dkts. 5 & 6.  Plaintiff filed a Motion To Compel Disclosure and Addendum to Motion to Compel Discovery and Defendant filed its Response to said motions, which included the Affidavit of Gwendolyn D. Spratt.  Dkts. 17, 19, 20.   Plaintiff then filed a Response to Affidavit of Gwendolyn Spratt and Defendant's Response to Motion to Compel Disclosure.  Dkt. 22.

Plaintiff next filed a Motion For Leave To Amend Complaint, Dkt. 23, and a Motion To Add A Cause Of Action.  Dkt. 24.  She also filed a Motion to Waive State Sovereign Immunity Based on "Due Process Clause" of 14 Amendment and Defendant filed a responsive brief.  Dkt. 23 & 26.   On August 3, 2016, this Court issued its order dismissing the Complaint based upon the Board's Eleventh Amendment immunity.  Dkt.  28.

In its Order, this Court held that Plaintiff's Complaint failed to show that the Court has jurisdiction over this suit on the basis that (1) the State of Georgia has consented to be sued in federal court on the claim involved; (2) the state has waived immunity; or (3) immunity has been abrogated.  Dkt. 28, p. 2 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 253 (1985)). It noted:

> None of these circumstances apply here. In this case, Plaintiff seeks damages for Defendant's alleged breach of a verbal contract. This claim is barred because the Georgia General Assembly has not waived the State of Georgia's Eleventh Amendment immunity for breach of verbal contract claims.

On August 5, 2016, Plaintiff filed a Motion to Reconsider Final Judgment Order, Dkt. 30, which this Court denied on August 31, 2016.  Dkt. 31.

Plaintiff has now moved the Court to reopen the case under Federal Rule of Civil Procedure 60(b)(3) alleging that there is new evidence against the defendant of an intent to defraud her.  Dkt. 32.  Plaintiff alleges:

> The defendant had counsel to present a fraudulent contract to the plaintiff in a preliminary meeting.  The defendant's counsel (Gwendolyn Spratt) used the court to make an affirmation that the actions were not fraudulent and any improprieties were non-intentional.

Dkt. 32, p. 1.   Plaintiff alleges that GSU "offered the plaintiff a contract intended to defraud the plaintiff of her property rights, (See DOC 1)" and that "the contract coversheet provide[d] hearsay testimony from an unnamed outside counsel that determined the plaintiff had no inventor claims to any published or unpublished

patent and/or patent applications, it stated GSU declined an interest in patenting the plaintiffs IP, and requested the plaintiff assignment IP rights to GSU to acquire the right immediately patent her IP without GSU's permission." Id.  Plaintiff contends that the coversheet of "GSU's standard IP disclosure form, (See DOC 2) . . . refutes the defendant and shows an intent to defraud" and that GSU "intentionally withheld information (i.e. coversheet) and provided unsolicited hearsay to induce the plaintiff to assign ownership rights to GSU." Id.

## II.  ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  The Board of Regents should be dismissed because it has Eleventh Amendment immunity.

### 1.  Subject Matter Jurisdiction  and the Eleventh Amendment

The Eleventh Amendment places constitutional limits on federal court subject matter jurisdiction.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984).  It deprives the federal courts of jurisdiction to entertain a suit brought by an individual against a non-consenting state.  See Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721, 726 (2003); Hans v. Louisiana, 134 U.S. 1, 15 (1890).

4

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." <u>Bd. of Trs. of the Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 363 (2001).

A challenge to subject matter jurisdiction questions the very power of the court to hear the case; as such, a claim may not be waived by any party and may be raised at any time in the proceedings. <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 975 (11th Cir. 2005). The standard for prevailing against a motion to dismiss for lack of subject matter jurisdiction is very high. Because a Rule 12(b)(1) motion challenges "the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977)). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Id.</u> "When considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. Rule 12(b)(1), the Court has the power to independently weigh facts and proceed in fashion that it typically cannot do under Rules 12(b)(6) or 56." <u>Id.</u> (citing <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953, 101 S. Ct. 358, 66 L. Ed. 2d 217

(1980)); see also Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003). Of course, the Court may grant a motion to dismiss for lack of subject matter jurisdiction if, even assuming all allegations in a complaint are taken as true, the Plaintiff fails to show that the Court has subject matter jurisdiction as a matter of law.

> 2.   As a State Entity, BOR has Eleventh Amendment Immunity from Suit in Federal Court.

As this Court previously held, the Board of Regents is a constitutionally created agency of the state vested with the government, control and management of the University System of Georgia and as such, it has immunity under the Eleventh Amendment.  Dkt. 28, p. 2.

The three ways to provide judicial power over suits against states despite the Eleventh Amendment bar are through (1) consent by the state to be sued in federal court on the claim involved, (2) waiver of immunity by a state, or (3) abrogation of immunity.  See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 253 (1985).   As the Supreme Court noted in Alden v. Maine, 527 U.S. 706 (1999), the doctrine of state Eleventh Amendment immunity from suit in federal court derives from the Constitutional plan itself, where the early constitutional allocation of power between the central government and the states was limited by the Tenth Amendment reservation of rights to the states, as furthered and embodied in the Eleventh Amendment provision that federal jurisdiction would not extend to suits

in federal court against one of the united states.  See U.S. Const. Amend. XI;

Alden, 527 U.S. at 754.

In 1996, the Supreme Court confirmed the Eleventh Amendment immunity

of the states in Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996), holding that

the Eleventh Amendment bars a court's assertion of federal jurisdiction in suits

against a state, unless the state has consented to be sued or unequivocally has

waived its immunity or its immunity has been abrogated.  517 U.S. at 72-77.  The

United States Supreme Court repeatedly has recognized these principles.  See, e.g.,

Kimel v. Fla. Bd. of Regents, 528 U.S. 62 (2000) (barring ADEA claims); Vt.

Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765 (2000) (barring suits

under the False Claims Act); Alden v. Maine, 527 U.S. 706 (1999) (barring private

suit in federal or state court under the Fair Labor Standards Act); Fla. Prepaid Post-

Secondary Educ. Expense Bd. v. Coll. Sav. Bank, 527 U.S. 627 (1999) (barring

claims under the Patent and Plant Variety Protection Remedy Clarification Act

("Patent Remedy Act")); Coll. Sav. Bank v. Fla. Prepaid Post-Secondary Educ.

Expense Bd., 527 U.S. 666 (1999) (barring claims under the Trademark Remedy

Clarification Act); Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 360

(2001) (finding no abrogation for ADA Title I claims).

In fact, the Georgia Constitution specifically provides that "[n]o waiver of

sovereign immunity shall be construed as a waiver of any immunity provided to

the state or its departments, agencies, officers, or employees **by the United States Constitution**." 1983 Ga. Const. Art. I, §II, ¶ IX(f). "A waiver of sovereign immunity requires an affirmative act and cannot be implied or construed from the circumstances." Coll. Sav. Bank v. Fla. Prepaid, 527 U.S. at 675-76.

Furthermore, the federal case law is clear that states may waive their sovereign immunity on certain limited terms and conditions and preserve their sovereign immunity in all other instances. One of the instances in which federal courts have consistently held that a state's sovereign immunity has been preserved is when a state entity or its officials are sued in federal court and the state has not consented to be sued in federal court on those claims. The United States Supreme Court has recognized and enforced this concept in Smith v. Reeves, 178 U.S. 436, 445 (1900); Chandler v. Dix, 194 U.S. 590 (1904); and Great N. Life Ins. Co. v. Read, 322 U.S. 47 (1944). District Court and Eleventh Circuit rulings in Georgia likewise hold that the State has not waived its sovereign immunity from suit on state law claims brought in federal court. See Manning v. Ellis, 2006 U.S. Dist. LEXIS 51426, at *10 (M.D. Ga., July 27, 2006). See also Alyshah v. State of Georgia, 2006 U.S. Dist. LEXIS 66550 (N.D. Ga., Sept. 1, 2006), aff'd at 239 Fed. Appx. 473, 2007 U.S. App. LEXIS 8357 (April 11, 2007). The State of Georgia has neither consented to nor waived its Eleventh Amendment immunity.

## III.   ARGUMENT AND CITATION OF AUTHORITY

PLAINTIFF'S ADDITION OF A FRAUD CLAIM AGAINST GEORGIA STATE UNIVERSITY WOULD BE FUTILE IF GRANTED BECAUSE THE BOARD OF REGENTS HAS ELEVENTH AMENDMENT IMMUNITY FROM SUIT FOR FRAUD.

Plaintiff moves the Court to reopen this case under Federal Rule of Civil Procedure 60(b)(3), alleging that there is new evidence against the defendant of an intent to defraud her.  Dkt. 32.  Because the Georgia General Assembly has not waived the State of Georgia's Eleventh Amendment immunity for fraud claims, Plaintiff's Motion to Reopen the Case should be denied.

Plaintiff alleges:

The defendant had counsel to present a fraudulent contract to the plaintiff in a preliminary meeting.  The defendant's counsel (Gwendolyn Spratt) used the court to make an affirmation that the actions were not fraudulent and any improprieties were non-intentional.

Dkt. 32, p. 1.   Plaintiff further alleges that GSU "offered the plaintiff a contract intended to defraud the plaintiff of her property rights, (See DOC 1)" and that "the contract coversheet provide[d] hearsay testimony from an unnamed outside counsel that determined the plaintiff had no inventor claims to any published or unpublished patent and/or patent applications, it stated GSU declined an interest in patenting the plaintiffs IP, and requested the plaintiff assignment IP rights to GSU to acquire the right immediately patent her IP without GSU's permission."  Id.

That coversheet, "GSU's standard IP disclosure form, (See DOC 2) . . . refutes the defendant and shows an intent to defraud" such that GSU "intentionally withheld information (i.e. coversheet) and provided unsolicited hearsay to induce the plaintiff to assign ownership rights to GSU." Id.

Under Fed.R.Civ.P. 60(b), a district court may modify a judgment for any of the following  reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.  Fed.R.Civ.P. 60(b).  Langille v. Comm'r of IRS, 447 Fed. Appx. 130, 135-136 (11th Cir. 2011).   Plaintiff brings her motion under subsection 60(b)(3).

"'To prevail in a Rule 60(b)(3) motion, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case.'"  Harre v. A.H. Robins Co., 750 F.2d 1501, 1503-1505 (11th Cir. Fla. 1985) (citing Stridiron v. Stridiron, 698 F.2d 204 (3d Cir.1983) and Rozier v. Ford Motor Co., 573 F.2d

1332, 1339 (5th Cir.1978)).  A movant must present clear and convincing evidence of misconduct.  <u>Scutieri v. Paige,</u> 808 F.2d 785, 794 (11th Cir. 1987).  A motion under Rule 60 is addressed to sound discretion of trial court.  <u>Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,</u> 170 F.3d 985, 993-994 (10th Cir. 1999).  A motion for relief from the judgment should be buttressed by showing of existence of meritorious claim.  <u>Beshear v Weinzapfel</u>, 474 F2d 127, 131-132 (7th Cir. Ind. 1973).  Relief under this provision is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."  <u>Griffin v. Swim-Tech Corp</u>., 722 F.2d 677, 680 (11th Cir. 1984).

Here, Plaintiff cannot show that the Court has jurisdiction over her fraud claim because (1) the State of Georgia has not consented to be sued in federal court on fraud; (2) the state has waived immunity in federal court for fraud; and (3) immunity has been abrogated by Congress for fraud.  Dkt. 30, p. 2.  Similar to the former allegations of breach of contract and copyright infringement, none of these circumstances apply here.  Plaintiff's claim of fraud is barred because the Georgia General Assembly has not waived the State of Georgia's Eleventh Amendment immunity for fraud claims.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Motion to Reopen Case be denied and Plaintiff's case stand dismissed.

Respectfully submitted this 8th day of February, 2017.

CHRISTOPHER M. CARR      112505
Attorney General

/s/ W. Wright Banks, Jr.
W. WRIGHT BANKS, JR.      036156
Deputy Attorney General


/s/ Mary Jo Volkert
MARY JO VOLKERT      728755
Senior Assistant Attorney General

Attorneys for Defendant Board of Regents of the
University System of Georgia


PLEASE ADDRESS ALL
COMMUNICATIONS TO:
MARY JO VOLKERT
Senior Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 656-3343
Fax : (404) 657-3239
mjvolkert@law.ga.gov

## CERTIFICATE PURSUANT TO L.R. 7.1D

I hereby certify that this brief conforms to the requirements of L.R. 5.1C.  This brief is written in 14 point Times New Roman font.

/s/Mary Jo Volkert_____
Mary Jo Volkert
Georgia Bar No. 728755

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| GUENEVERE PERRY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. l:16-CV-0746 |
| GEORGIA STATE UNIVERSITY, | § | |
|     Defendant. | § | |
| | § | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 8th day of February, 2017, I have electronically filed the foregoing DEFENDANT'S BRIEF IN OPPOSITION TO MOTION TO REOPEN CASE with the Clerk of the Court using the CM/ECF system.  I hereby certify that I have emailed and mailed by United States Postal Service the document to the following non-CM/ECF participant:

> Guenevere Perry
> 2855 Apalachee Pkwy
> Apt. 264F
> Tallahassee, FL  32301

> /s/Mary Jo Volkert
> Mary Jo Volkert
> Georgia Bar No. 728755
> Attorney for the Board of Regents of the
> University of Georgia

930442 v 1
62VA-1146789